### Appeal of CAHILL.

#### (Circuit Court of Appeals, Second Circuit. July 1, 1903.)

#### No. 145.

1 TOWAGE—DESERTION OF TOW BY TUG—LIABILITY FOR LOSS.
A tug, which cut loose from a dredge and two scows, which she had in tow, in the night, and deserted them, in disregard of her duty to use all reasonable efforts for their preservation, is liable for their consequent loss or damage, in the absence of clear proof that her efforts to save them would have been ineffectual.

2. ADMIRALTY—APPEAL—REVIEW OF FINDINGS OF FACT.
Findings of fact by a commissioner in admiralty on evidence which is conflicting or doubtful, and which have been reconsidered on exceptions and approved by the court, will not be disturbed on appeal, unless manifestly wrong.

Appeal from the District Court of the United States for the Southern District of New York.

Wm. G. Choate, for appellant.

W. Frothingham, for appellee J. P. Randerson.

Le Roy S. Gove, for appellee Providence Washington Ins. Co.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. According to the testimony of Brainard, the pilot of the tug, he thought the dredge was going to founder, and told Cutter, the master, that he thought the best thing to be done was to "take the men off and let the dredge go on the beach"; and this was before the alleged waving of lights on board the dredge. Cutter, the master of the tug, testifies that he ordered the tug hawser cut solely because of signals from the dredge, and would not otherwise have done so. No signals had been given from the dredge, and we are satisfied the master of the tug ordered the hawser cut, not because of any supposed signals, but solely because he thought, as the pilot did, that the dredge and scows would founder, and thereby imperil his own vessel. After taking the men off the dredge, the tug put to sea and abandoned her tows. This all took place at night, about half past 8 o'clock, when the vessels were about two miles from the coast of Cape Cod. The rough weather and heavy sea may have endangered the scows, but the dredge was not in extreme danger, although some of the men on board her were apprehensive. The circumstance that the men left her

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 770.

in hot haste is explained by the fear and excitement created by the conduct of the navigators of the tug.

Even if the circumstances had been sufficient to justify the master of the tug in cutting loose from the dredge in order to take off the men, they did not justify him in deserting her and her scows, and allowing them to be beached without any effort to save them. We are satis-. fied there was a reasonable chance that they could have been saved if the tug had resumed charge of them. Their owner was entitled to the benefit of the chance, and as he has been deprived of it by the conduct of the tug, in disregard of her duty to use all reasonable efforts for the preservation of her tow, the tug must respond for the consequences, in the absence of clear proof that her efforts would have been ineffectual. Upon this branch of the case we fully concur in the opinion of the court below, and do not deem it necessary to express ourselves further.

The numerous exceptions to the findings upon the items of damage have required an extended examination of the proofs taken before the commissioner, to whom the cause was referred to report damages. The commissioner's findings were carefully considered and revised by the district judge, and, although a reduced allowance as respects some of the items would have been more satisfactory, we are unable to say that as finally allowed they are not sanctioned by the evidence. The losses in the nature of salvage services, and for removing the vessels and their dredging appliances to a place of repair, for the repairs made, for demurrage, and for depreciation, when repaired, from their former value, were awarded upon correct principles and upon conflicting testimony. No error of law appears. The findings of a master or commissioner will not be disturbed as to matters of fact upon which the evidence is doubtful or the inferences are uncertain; much less when his conclusions are reached upon conflicting testimony, and involve to a greater or less degree the credibility of the witnesses. When, as in this case, they have been reconsidered upon exceptions and approved upon the review, they should not be disturbed by this court, unless manifestly wrong.

The decree is affirmed. with interest and costs.