HENRY DU BOIS SONS CO. v. PENNSYLVANIA R. CO.
THE MERCER.

WALLING et al. v. PENNSYLVANIA R. CO.
(two cases).
THE P. R. R. No. 32 et al.

THE MARGARET G.
Nos. 125, 145, 146.

Circuit Court of Appeals, Second Circuit.
Jan. 5, 1931.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for libelant-appellee.

Single & Single, of New York City (Wm. J. Mahar, of New York City, of counsel), for libelants-appellants.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for appellee Pennsylvania R. Co.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

Although the evidence is rather meager, the conclusion is inescapable that the Margaret G did, when she sank, slide out under the dredge, and, by hitting the spud, do the damage occasioned the dredge. The Mercer tied her up Sunday morning. We may assume that her leaking condition made this necessary, but, of course, there was no immediate danger of her then sinking, and the

Mercer had ample time to fulfill whatever may have been its duty to give her a safe berth. That she would probably sink if left to her own devices may be taken for granted, since that was why the Mercer moored her. Without knowing or taking any steps to ascertain the nature of the bottom, the Mercer left the Margaret G to sink or float as the event might develop without any aid from the tug whatever.

When the Mercer took her out of the tow to moor because of her leaking condition, the tug was bound to exercise the skill and care a prudent navigator would employ in like circumstances, for the bailment continued until the service contracted for was performed or performance excused. Doherty v. Penn R. Co. (C. C. A.) 269 F. 959; The W. H. Baldwin (C. C. A.) 271 F. 411; Maryland Transportation Co. v. Dempsey (C. C. A.) 279 F. 94. The duty the Mercer owed the Margaret G was not fulfilled by tying her up and leaving her to sink unless reasonable care would not have prevented her sinking at all. So, before we need consider the choice of a berth, we may well inquire whether the Mercer was justified in abandoning the coal boat at any berth.

Certainly, abandonment to sink at the pier, before all reasonable efforts to keep her afloat were exhausted, was a breach of duty imposed by law, The Joseph F. Clinton (C. C. A.) 250 F. 977, and the burden is on the tug to show that no reasonable effort on her part would have kept the coal boat afloat, Appeal of Cahill (C. C. A.) 124 F. 63. As to that the record is silent. We know, however, that water was gaining on the coal boat's pump. This plainly indicated her sinking unless aid was obtained. We know her pump was in the bow; and, of course, grounding her bow had no effect to prevent whatever surplus water came in from running aft, no matter where the leak was located. This would put it beyond the reach of the pump, and the stern would inevitably get lower and lower. We know that she remained afloat for over twelve hours. Had the Mercer stood by and used her syphon, it cannot be taken for granted that the Margaret G would have gone down, and so it was incumbent upon the tug, the sinking having been proved, to prove that it was not caused by her negligence.

It is true that there is no evidence that the Margaret G was seaworthy when taken in tow or to show what caused the leaking or just when it began. If it be assumed for the argument, however, that she was unseaworthy when the voyage began, the tug is, nevertheless, liable for any loss attributable solely to its failure to exercise due care to save the boat and cargo from that damage which it could have prevented by taking reasonable and prudent action to protect the boat and cargo from sinking from whatever cause. McCormick v. Jarrett (D. C.) 37 F. 380. See The M. J. Cummings (D. C.) 18 F. 178; The Jonty Jenks (D. C.) 54 F. 1021. Nor was it shown that the captain of the Margaret G could have obtained assistance after being moored and abandoned or failed to do all within his power to prevent sinking. On the evidence, the Mercer is responsible for all the damage caused solely by the sinking of the coal boat.

Henry Du Bois Sons Co. v. Tug Mercer, etc., affirmed. Peerless Coal Co., Inc., v. Tugs, etc., reversed. Walling v. Tugs, etc., reversed.